IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Lejune Brown**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Comenity Bank,**<br><br>Defendant. | Case No. 1:17-cv-1970<br><br>**Complaint**<br><br>Class Action<br><br>Jury Trial Demanded |

Plaintiff Lejune Brown ("Plaintiff"), individually and on behalf of all others similarly situated, makes the following allegations and claims against Comenity Bank ("Comenity" or "Defendant"), upon personal knowledge, investigation of her counsel, and on information and belief.

1. This action seeks redress on a classwide basis for business practices that violate the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA").

2. This Court has jurisdiction to grant the relief sought by Plaintiff pursuant to 47 U.S.C. § 227(b) and 28 U.S.C. § 1331.

3. Venue is proper in this district as Plaintiff resides here and Defendant does business here.

## Parties

4. Plaintiff is a natural person who resides in Cook County, Illinois. Plaintiff is the regular and exclusive user of a cellular telephone with service registered in her name. Pursuant to the terms of service, the account is charged for each call within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii).

1

5. Defendant Comenity Bank ("Comenity" or "Defendant") is a national bank and issuer of consumer revolving debt. Defendant is organized under the National Banking Act, has its principal place of business in Columbus Ohio, and does business in every state including Illinois.

6. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology — for example, computerized calls dispatched to private homes — prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 744 (2012).

7. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

8. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion

2

of privacy, regardless of the type of call. . . ." *Id.* at §§ 12-13; see also, *Mims*, 132 S.Ct. at 744.

9. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act . . . is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## Factual Allegations

10. On or before December 28, 2016, Plaintiff began receiving telephone calls from Defendant on her cellular telephone ending in 9717 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

11. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

12. Plaintiff received many calls since October 2016 or earlier from Defendant regarding allegedly owed consumer debt obligations.

13. On December 28, 2016, Plaintiff was contacted by Defendant. During this conversation, Plaintiff clearly and expressly told Defendant to stop any calls to Plaintiff.

14. On December 28, 2016, Plaintiff revoked any "prior express consent" given to Defendant to place telephone calls to Plaintiff's cellular telephone with an

3

artificial or prerecorded voice utilizing an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).

15. Despite Plaintiff's revocation, Defendant contacted Ms. Brown twice more on her cellular telephone using an ATDS.

16. Through this action, Plaintiff suffered an invasion of her legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

17. Plaintiff was personally affected because she was frustrated and distressed that despite her telling Defendant to stop calling her on her cell phone, Defendant continued to harass Plaintiff with calls using an ATDS.

18. Defendant's calls forced Plaintiff to live without the utility of her cell phone by forcing her to silence her cell phone and/or block incoming numbers.

19. Plaintiff is informed and believes and here upon alleges, that these calls were made by Defendant or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

20. The calls from Defendant came from phone numbers including, but not limited to, 614-729-9028; 614-754-4134;720-456-3682; 913-312-5191; 614-754-4136; 614-754-4135.

21. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

22. These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. These telephone calls by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

**Class Action Allegations**

24. Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated (the "Class"). The proposed Class that Plaintiff seeks to represent is defined as follows:

> All persons who had or have a number assigned to a cellular telephone service, which number was called by Defendant using an automatic telephone dialing system and/or an artificial or prerecorded voice from four years prior to the date of filing through the date of trial.

25. Plaintiff represents, and is a member of, the Class, because she received telephone calls from Defendant to her cellular telephone using a prerecorded voice, some or all of which she was billed for receiving such calls.

26. Defendant and its employees or agents are excluded from the Class, together with the judicial officer and court staff to whom this matter is assigned.

27. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

28. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways:

29. Defendant, either directly or through its agents, illegally contacting Plaintiff and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

30. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

31. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The members of the Class can be identified through Defendant's records.

32. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

- Whether, within the four years prior to the filing of this Complaint, Defendant made any call to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

- Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violation; and

- Whether Defendant should be enjoined from engaging in such conduct in the future.

33. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's express prior consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly

and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

34. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

35. Plaintiff has retained counsel experienced in handling class action claims and claims involving consumer actions and violations of the Telephone Consumer Protection Act.

36. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

37. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**First Claim for Relief**

38. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227.

40. As a result of Defendant's negligent violations of the TCPA, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiff and all Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**Second Claim for Relief**

42. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA.

44. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and Class members are entitled to treble damages, as provided by statute, of $1,500.00, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

///

## Jury Trial Demanded

45. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury, including the amount of statutory damages.

## Prayers for Relief

As as result of the above, Plaintiff prays that judgment be entered against Defendant, and Plaintiff and the Class be afforded the following relief:

1. That the action regarding each violation of the TCPA be certified as a class action on behalf of the Class and requested herein;
2. That Plaintiff be appointed as representative of the Class;
3. That Plaintiff's counsel be appointed as counsel for the Class;
4. Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
5. Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
6. Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
7. Any other relief the Court may deem just and proper.

Dated: March 13, 2017

ANKCORN LAW FIRM, PLLC

*/s/ Mark Ankcorn*
Attorneys for Plaintiffs
N.D. Illinois General Bar No. 1159690
Florida Bar No. 55334
California Bar No. 166871

mark@ankcornlaw.com

9

1060 Woodcock Road, Suite 128
Orlando, Florida 32803
(321) 422-2333 phone
(619) 684-3541 fax

Local Office:
Ankcorn Law Firm, PLLC
1608 S. Ashland Ave. #92015
Chicago, Illinois 60608-2013